**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ENDOWMENT ADVISERS, L.P., | § | |
| | § | JUDGE: _____ |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| versus | § | |
| | § | JURY DEMANDED |
| FAMILY ENDOWMENT PARTNERS, L.P., | § | |
| | § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT**

Plaintiff, Endowment Advisers, L.P. ("Plaintiff"), files this Complaint against Defendant, Family Endowment Partners, L.P. ("Defendant"), for trademark infringement and unfair competition, as set forth more fully below. In support of this Complaint, Plaintiff alleges as follows:

**I.   PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 4265 San Felipe, Houston, TX 77027.

2. Defendant is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 271 Waverly Oaks Road, Waltham, MA 02452. Defendant can be served with process through its registered agent for service of process: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter under 15 U.S.C. §§ 1121, 1125 and under 28 U.S.C. §§ 1331, 1338, 1367.

4. Defendant is registered with the Securities Exchange Commission ("SEC") to provide Texas securities authorities notice filings submitted to the SEC. As such, upon information and belief Defendant is advertising, selling, and/or offering to sell its goods and services in this Judicial District under an infringing trademark. For at least this reason, Defendant is subject to the personal jurisdiction of this Court.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendant resides in this Judicial District, a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District, and/or Defendant has the requisite minimum contacts with this Judicial District.

## II.   PLAINTIFF'S MARK

As part of its activities, Plaintiff has offered and presently offers products and services in connection with financial and investment analysis, consultation, management, planning, research, and services in the nature of a private investment security under the mark THE ENDOWMENT FUND ("Plaintiff's Mark"), including but not limited to United States Trademark Registration No. 3,075,657, a copy of which is attached to this Petition as Exhibit A and incorporated by reference.

6. Plaintiff has extensively and continuously used and advertised Plaintiff's Mark in the United States since at least 2004.

7. As a result of Plaintiff's advertising, sales, and business operations, Plaintiff's Mark has become an asset of substantial value as a symbol of Plaintiff's identity and business activities.

8. Plaintiff's Mark is distinctive and has become well known as used in connection with Plaintiff's products and services, resulting in recognition that the business activities conducted under the Mark emanate from a single source, namely Plaintiff.

9. The goodwill embodied in Plaintiff's Mark, and consequently Plaintiff's valuable reputation and credibility in the industry, depends on the integrity of the Mark as identification exclusively of Plaintiff, and not of any other source.

## III. DEFENDANT'S ACTIVITIES

10. Defendant is using the mark FAMILY ENDOWMENT PARTNERS in commerce in connection with investment advice, investment management, investment consultation, and investment of funds for others, including private and public equity and debt investment and has filed a federal trademark application for the following logo, designated Serial No. 77/385,787 (the "'787 Application"), for the mark below:



(The foregoing collectively "Defendant's Marks").  A copy of the '787 Application is attached as Exhibit B.

11. Defendant's Marks were first used in the United States on November 15, 2007.

12. Plaintiff's Marks were first used in the United States at least by April 15, 2004.

13. Additionally, on at least September 3, 2009, Defendant registered with the SEC to have its notice filings received by Texas securities authorities.  As such, upon information and belief, Defendant is advertising, selling, and/or offering to sell its goods and services under Defendant's Marks.

14. On July 14, 2009, Plaintiff sent Defendant a cease and desist letter in which Plaintiff requested that Defendant cease and desist all use of Defendant's Marks. On July 20, 2009, Defendant responded and stated that it would not cease and desist. As such, Defendant left Plaintiff with no choice but to initiate this action.

## IV. COUNTS

### COUNT ONE
### FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

15. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-14 above, as if fully set forth herein.

16. Plaintiff's Mark was first used in the United States before Defendant began using either of Defendant's Marks in the United States.

17. Plaintiff's Mark has priority over Defendant's Marks in the United States.

18. As a result of Plaintiff's longstanding, widespread, and continuous use, substantial investments, significant advertising and promotional activities, and widespread distribution of such efforts, Plaintiff's Mark has become well known and accepted by the public, and serves to distinguish Plaintiff's goods and services from those of others.

19. Plaintiff has acquired and now enjoys substantial goodwill and a valuable reputation through Plaintiff's Mark. The maintenance of high standards of quality and excellence for Plaintiff's goods and services has contributed to this valuable goodwill and reputation.

20. The goodwill embodied in Plaintiff's Mark and consequently Plaintiff's valuable reputation and credibility in the financial industry, depend on the integrity of Plaintiff's Mark as identification exclusively of Plaintiff, and not of any other source.

21. Use by Defendant of Defendant's Marks is likely to cause confusion, to cause mistake, or to deceive the public into believing that Defendant's goods and services originate with

Plaintiff, are associated with Plaintiff, are sponsored by Plaintiff, are offered with the approval of Plaintiff, or are offered under Plaintiff's supervision and control.

22. The acts of Defendant are calculated to deceive the relevant consuming public into accepting and purchasing Defendant's goods and services in the mistaken belief that they are Plaintiff's services, or that they are sponsored by, connected with, or supplied under the supervision of Plaintiff.

23. Defendant's acts constitute infringement of Plaintiff's Mark and unfair competition under 15 U.S.C. §§ 1114, 1125.

24. As a result of Defendant's acts, Plaintiff has already suffered untold damage and will continue to suffer damage, while Defendant profits at Plaintiff's expense. Defendant's activities entitle Plaintiff to damages for such infringement.

25. Defendant's acts have been and are grossly negligent, deliberate, willful, or malicious, entitling Plaintiff to enhanced damages and attorney's fees under 15 U.S.C. § 1117.

26. Unless Defendant is enjoined, Plaintiff has no adequate remedy at law and will be irreparably harmed.

## COUNT TWO
## STATE TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

27. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-26 above, as if fully set forth herein.

28. Plaintiff's Mark was first used in the State of Texas before Defendant began using Defendant's Marks in the State of Texas. Thus, Plaintiff's Mark has priority over Defendant's Marks in the State of Texas.

29. Defendant's acts constitute unfair competition under Tex. Bus. & Comm. Code, § 16.29. Specifically, Defendant's use is likely to injure Plaintiff's business reputation or to

dilute the distinctive quality of Plaintiff's Mark, regardless of whether there is competition between Plaintiff and Defendant or confusion as to the source of the parties' goods or services.

30. Unless Defendant is enjoined, Plaintiff has no adequate remedy at law and will be irreparably harmed.

## COUNT THREE
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

31. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-30 above, as if fully set forth herein.

32. Defendant's acts complained of above constitute common-law unfair competition under the laws of the State of Texas.

33. Plaintiff's Mark was first used in the State of Texas before Defendant Marks were first used in the State of Texas. Thus, Plaintiff's Mark has priority over Defendant's Marks in the State of Texas.

34. On information and belief, Defendant was aware of Plaintiff's previous and continued use of Plaintiff's Marks when Defendant began using Defendant's Marks.

35. Defendant's acts described above are likely to cause confusion between Plaintiff's Mark and Defendant's Marks in violation of the common law of the State of Texas.

36. Accordingly, as established by the facts set forth above, Defendant's actions permit, and will continue to permit, Defendant to use and benefit from the goodwill and reputation earned by Plaintiff to obtain a ready client acceptance of services offered for sale and to give Defendant's services a salability they would not otherwise have, all at Plaintiff's expense.

37. Defendant's acts entitle Plaintiff to damages, including but not limited to lost profits.

38. Defendant's acts have been and are grossly negligent, deliberate, willful, and/or malicious, entitling Plaintiff to enhanced damages. Accordingly, Plaintiff is entitled to exemplary damages under Texas Civil Practice and Remedies Code § 41.003.

39. Unless Defendant is enjoined, Plaintiff has no adequate remedy at law and will be irreparably harmed.

## JURY DEMAND

40. Plaintiff demands a trial by jury on all issues triable by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for judgment that:

A. Plaintiff's Mark is valid and enforceable;

B. Use of Defendant's Marks violates Plaintiff's Mark under 15 U.S.C. § 1125, Tex. Bus. & Comm. Code, § 16.29, and the common law of the State of Texas;

C. Defendant and its respective affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons acting in concert or participation with it who receive actual notice of the Order be preliminarily and permanently enjoined from:

    i. Using FAMILY ENDOWMENT PARTNERS, or any other term or domain name confusingly similar to Plaintiff's mark in the United States, including but not limited to Defendant's Marks;

    ii. Committing any acts likely to cause the public to believe that any of Defendant's products and services are Plaintiff's products and services, or are authorized by, sponsored by, or in any way associated with Plaintiff, in whole or in part;

    iii. Otherwise competing unfairly with Plaintiff in any manner, including but not limited to, using a false designation of origin or false representations that misrepresent the nature,

characteristics or qualities, source or origin of Defendant's products or other commercial activities; or,

        iv.    Attempting, causing, or assisting any of the above-described acts.

    D.    Defendant be ordered to pay any and all damages, including but not limited to Defendant's profits and corrective advertising and including but not limited to those damages available under at least 15 U.S.C. § 1117 and Texas C.P.R.C., § 41.003, including court costs, expenses, enhanced damages, and attorney's fees;

    E.    Defendant be ordered to pay Plaintiff pre-judgment interest on all amounts awarded, and post-judgment interest until paid, at the highest lawful rate;

    F.    Defendant be ordered to file with the Court and serve on counsel for Plaintiff within thirty (30) days after entry of any injunction issued by this Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendant has complied with the injunction;

    G.    Defendant be ordered to deliver up for destruction or other disposition, within thirty (30) days of the entry of final judgment herein any and all products, displays, signs, circulars, packaging, labels, websites, advertising, or other materials in its possession, custody, or control that bear FAMILY ENDOWMENT PARTNERS, and all colorable imitations of any of the foregoing, or any other designation that would violate the injunction entered herein;

    H.    Defendant be ordered to: (a) use its best efforts to recall from any and all channels of distribution any product or service, packaging, labeling, advertising, promotional, or other material of any kind bearing Defendant's Marks; and (b) send written notice, approved by Plaintiff, to each party who has received such materials, (i) requesting that such recipient return all such materials to Defendant; and (ii) advising such recipient of the pendency of this action and that Defendant has

been enjoined from using Defendant's Marks, or the like as a trademark or service mark, and that any use of the materials bearing Defendant's Marks and the like thereafter will be in violation of said order;

      I.      Defendant provide an accounting by disclosing the amount of products and services, in both dollars and volume, generated under Defendant's Marks, including, but not limited to the name and address of the person or entity to whom these products and services were offered and the amount of monies generated for such offerings, and that Defendant allow Plaintiff access to its records to confirm this information;

      J.      Defendant be required to pay Plaintiff's costs, disbursements, and attorney's fees;

      K.      Defendant be required to send out advertising and notices that correct the likelihood of confusion and any instances of actual confusion;

      L.      Defendant be permanently enjoined from using Defendant's Marks and colorable imitations thereof, including but not limited to in advertisements, its name, on its website, as part of a domain name, and/or as part of an email address; and

      M.      Plaintiff have such other relief as the Court deems just and equitable.

                                    Respectfully Submitted,

                                    CONLEY ROSE, P.C.

Date: November 2, 2009              /s/Collin A. Rose
                                    **Collin A. Rose, Attorney-In-Charge**
                                    Texas State Bar Number 24013419
                                    CONLEY ROSE, P.C.
                                    600 Travis, 71st Floor
                                    Houston, Texas 77002
                                    crose@conleyrose.com
                                    Telephone: 713.238.8000
                                    Facsimile: 713.238.8008

                                    **Jonathan M. Pierce, Esq.**
                                    Texas State Bar Number 24027744
                                    CONLEY ROSE, P.C.

600 Travis, 71st Floor
Houston, Texas 77002
jpierce@conleyrose.com
Telephone: 713.238.8000
Facsimile: 713.238.8008
**COUNSEL FOR PLAINTIFF**